```
                                                              FILED
                                                     UNITED STATES DISTRICT COURT
                                                           DENVER, COLO.
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

JUN 29 2006

GREGORY C. LANGHAM
                CLERK

Civil Action No. **06-CV-01254-BNB**

(The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.)

MARK ANTHONY GLASS,

   Applicant,

v.

WARDEN WILEY,
REGIONAL DIRECTOR NALLEY, and
ADMINISTRATOR NATIONAL INMATE APPEALS WATTS,

   Respondents.

---

ORDER DIRECTING CLERK TO COMMENCE CIVIL ACTION, CONSTRUING HABEAS ACTION AS *BIVENS* ACTION, AND DIRECTING APPLICANT TO CURE

---

Applicant Mark Anthony Glass is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. Mr. Glass filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He failed either to pay the $5.00 filing fee or to file a Prisoner's Motion and Affidavit for leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. The Court has determined that the action is deficient as described in this order. Notwithstanding the deficiencies, the clerk of the Court will be directed to commence a civil action. Any papers that Mr. Glass files in response to this order must include the civil action number on the order.

The Court has reviewed the application and finds that Mr. Glass is asserting civil

rights claims rather than habeas corpus claims. Mr. Glass complains that he is being denied sufficient outdoor recreation. He seeks injunctive relief.

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." **See Preiser v. Rodriguez**, 411 U.S. 475, 484 (1973). Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971). **See, e.g., Richards v. Bellmon**, 941 F.2d 1015, 1018 (10th Cir. 1991).

Mr. Glass must exhaust BOP administrative remedies before initiating a civil rights lawsuit. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2005), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, **see Booth v. Churner**, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. **See Porter v. Nussle**, 534 U.S. 516, 532 (2002).

Mr. Glass is a prisoner confined in a correctional facility. The claim he asserts relates to prison conditions. Therefore, he must exhaust the available administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Glass

2

must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. **See Ross v. County of Bernalillo**, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Glass has failed to exhaust administrative remedies for any claim, the entire complaint must be dismissed.

Mr. Glass will be directed to complete the proper, Court-approved form for a Prisoner Complaint and submit the completed complaint to the Court if he wishes to pursue his claims. Mr. Glass must allege, simply and concisely, the specific claims for relief he is asserting and against whom those claims are asserted.

Mr. Glass also will be required to submit to the Court a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a certified copy of his inmate trust fund account statement for the six months prior to the filing of the instant action, if he desires to proceed *in forma pauperis*. Otherwise he will be required to pay the $350.00 filing fee prior to proceeding in the action. Accordingly, it is

ORDERED that the clerk of the Court commence a civil action in this matter. It is

FURTHER ORDERED that the action is construed as a civil rights action filed pursuant to **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971), as opposed to a habeas corpus action filed pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that the clerk of the Court shall change the docket in the instant filing to reflect the proper nature of the action. It is

FURTHER ORDERED that **within thirty days from the date of this order** Mr.

Glass shall complete and file a Prisoner Complaint with the Court. It is

FURTHER ORDERED that **within thirty days from the date of this order** Mr. Glass, if he desires to proceed *in forma pauperis*, shall complete and file with the Court a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 together with a certified copy of his inmate trust fund account statement for the six months prior to the filing of the instant action so that the clerk of the Court may determine the appropriate initial partial filing fee. Alternatively, he may pay the $350.00 filing fee. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Glass two copies of the following forms: Prisoner Complaint; Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that if Mr. Glass fails to comply with this order **within thirty days from the date of this order**, the action will be dismissed without prejudice and without further notice. It is

FURTHER ORDERED that the Court will not review the merits of Mr. Glass's claims until he has complied with this order.

DATED at Denver, Colorado, this 27th day of June, 2006.

BY THE COURT:

BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06 - CV - 01254 -BNB

Mark A. Glass
Reg. No. 02704-748
ADX – Florence
P.O. Box 8500
Florence, CO 81266

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §1915 and a Prisoner Complaint** to the above-named individuals on 6/29/06

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk